**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JONATHAN CULPEPPER, # 175652**            **PLAINTIFF**

**v.**            **CAUSE NO. 1:17cv234-LG-RHW**

**COREY MATAYA, et al.**            **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Culpepper is incarcerated with the Mississippi Department of Corrections. He initiated this action on August 31, 2017. On December 4, 2017, the Court ordered Culpepper to sign his amended complaint [5] by December 18. The [7] Order to Sign was mailed to his address of record but was returned as undeliverable on December 11, 2017. Having received no response, on January 2, 2018, the Court entered the [9] Order to Show Cause. The Court ordered Culpepper to show cause, by January 16, why this case should not be dismissed for failure to obey Orders of the Court. The Order to Show Cause, too, was sent to Culpepper's address of record but was returned as undeliverable. On January 31, the Court mailed the signature page of the amended complaint, Order to Sign, and Order to Show Cause to the alternate address listed in the Complaint. The Court also extended Culpepper's time to comply to February 14, which [11] Order was sent to both addresses. All Orders again came back as undeliverable.

Culpepper was given "one final opportunity to comply" with the Court's Orders on March 1, 2018, when the Court issued its [14] Second Order to Show

Cause.  This Order came back as undeliverable.  The Court then entered an [16] Order striking Culpepper's amended complaint and requiring him to respond to certain questions.  This Order came back as undeliverable.  Culpepper has not complied with any of the Court's Orders, provided a change of address, or otherwise contacted the Court.  He was warned on multiple occasions that failure to comply with any Order of the Court, including keeping the Court apprised of his address, may result in the dismissal of this case.

The Court has the authority to dismiss an action for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 630-31.

Culpepper's inaction presents a clear record of delay or contumacious conduct.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE